# EXHIBIT B

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**CLAUDIA MIYARES GARCIA**

    Plaintiff,

v.                                      CASE No.: _____

**CONTINENTAL FLOWERS, INC,**
A Florida Profit Corporation, and
**GUILLERMO A. FERNANDEZ, individually,**

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, CLAUDIA MIYARES GARCIA ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through the undersigned counsel, hereby sues Defendants, CONTINENTAL FLOWERS, INC, ("Continental"), GUILLERMO A. FERNADNEZ, individually ("Fernandez"), (collectively "Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wage compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs and for damages for retaliatory discharge in violation of 29 U.S.C. § 215(a)(3), and for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Plaintiff was employed by Defendants, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

6. Defendant Fernandez, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant Continental.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

9. The Plaintiff has retained the undersigned counsel in order that her rights and interest may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO "FLSA" COUNTS

10. Plaintiff was employed by Defendant from on or about November 15, 2018 to on or about January 11, 2019 as a Production Worker.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

2

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. During the time period November 15, 2018 to on or about January 11, 2019 Defendants failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week.

13. During the relevant time period Plaintiff performed thirty (30) hours of overtime each week for which Defendants failed to pay Plaintiff at one and a half times Plaintiff's regular rate of pay.

14. During the relevant time period, Plaintiff was paid approximately nine ($9.00) for hours work weekly.

15. At all times material hereto Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

16. Defendants failed to pay Plaintiff for hours above forty (40).

## FACTUAL ALLEGATIONS COMMON TO "440.205" COUNT

17. On or about January 7, 2019, the Plaintiff suffered a work-related injury where Plaintiff suffered a rash on her legs due to dust falling from an herb Plaintiff was cutting on the job.

18. The above-alleged injury required medical treatment.

19. After the work-related accident as described above, the Plaintiff reported her rash to the Defendant through Manager, Jose (LNU), and requested two days off.

3

20. Further, Plaintiff was terminated on or about January 9, 2019, in retaliation of her work related rash/injury and request of worker's compensation.

21. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

<u>COUNT I</u>
*Retaliation Under F.S. § 440.205 Violation against*
*CONTINENTAL FLOWERS, INC.*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 and 17-21 of this complaint as if set out in full herein.

23. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

24. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

25. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

26. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

27. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

4

**WHEREFORE,** the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

## COUNT II
### Wage & Hour Federal Statutory Violation Against CONTINENTAL FLOWERS, INC.

28. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

29. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

30. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

32. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going

5

over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

36. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

37. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### *Wage & Hour Federal Statutory Violation Against GUILLERMO A. FERNANDEZ*

1. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 and 17-21 of this complaint as if set out in full herein.

2. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

7

3. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

4. At the times mentioned, Defendant FERNANDEZ had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of her employment (hire/fire), scheduled hours and/or rate of pay.

5. Defendant FERNANDEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

6. Defendant FERNANDEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

7. Defendant FERNADNEZ willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant FERNANDEZ:

A. Adjudge and decree that Defendant FERNANDEZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant FERNANDEZ is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

8

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 3-9-20

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
**Elizabeth Carlin, Esquire**
Florida Bar No.: 753521

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

9